UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PEGGY A. CUTTER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| SNYDER'S-LANCE, INC. | ) |
| f/k/a SNYDER'S OF HANOVER, INC. | ) |
| | ) |
| Defendant. | ) |

1:11-cv-1314 SEB-DML

## COMPLAINT FOR DAMAGES – WITH JURY DEMAND

Plaintiff Peggy A. Cutter, by counsel, for her Complaint against Snyder's-Lance, Inc., formerly known as Snyder's of Hanover, Inc., states as follows:

## JURISDICTION AND VENUE

1. This suit is brought under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000 *et. seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a *et. seq.*, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et. seq.*, and the Americans with Disabilities (ADA), 42 U.S.C. §§ 12101-12113. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), 29 U.S.C. § 626, and 42 U.S.C. § 12117(a).

2. All acts alleged herein were committed within the Southern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff Peggy A. Cutter ("Cutter") is a citizen of the United States and the State of Indiana, at all relevant times has been a resident of Hancock County, Indiana, and is currently age sixty-two (62).

4. Defendant Snyder's-Lance, Inc., formerly known as Snyder's of Hanover, Inc., ("Snyder's") is a for-profit corporation, which conducts business within the territorial jurisdiction of this Court from its facilities at 1105 E. Northfield Dr., Brownsburg, Indiana 46112-2529 and sells its products at many stores within the territorial jurisdiction of this Court.

## CUTTER'S EMPLOYMENT AT SNYDER'S

5. Cutter began working for Snyder's in October 2004 as the National Account Manager for the Central Region.

6. Cutter's sales responsibilities included expanding Snyder's sales presence at both K-Mart and Wal-Mart in a seven state region.

7. Throughout her employment at Snyder's, Cutter's work performance was consistently equal to or superior to her colleagues.

8. In late 2006, Cutter began suffering serious medical problems with her left foot.

9. Thomas Nannarone became Cutter's direct supervisor as the Director of National Accounts in January 2007.

10. In May 2007, Cutter was diagnosed with *plantar fasciitis* and required to wear a cast to completely immobilize her foot.

11. In connection with this diagnosis, Cutter's medical provider ordered that her activities be limited to day trips with no extended walking.

12. Cutter transmitted her diagnosis, medical information, and resulting work restrictions to both Snyder's Human Resources Department and Nannarone.

13. Nannarone was aware of Cutter's serious medical problems with her left foot and the resulting work restrictions ordered by her medical provider.

14. Nevertheless, on July 16, 2007, Nannarone came to Indianapolis and announced an intention to tour three box stores with Cutter, an activity that required extensive walking.

15. By the visit to the third box store on July 16, 2007, Cutter was suffering severe pain in both feet and was unable to walk any further. She ended up sitting on a bench at the front of the store.

16. On July 17, 2007, Cutter was terminated by Nannarone and advised that Snyder's needed someone who was more mobile.

17. Although Snyder's subsequently overturned Nannarone's rash decision to terminate Cutter, Nannarone's abusive treatment had already irreparably aggravated Cutter's disability and rendered her unable to work.

18. After Nannarone's July 2007 visit, Cutter began a leave of absence under the Family Medical Leave Act (FMLA) and was subsequently placed on leave pursuant to Snyder's Disability Policy because of the injuries to her feet.

19. Cutter continued on leave status until July 30, 2008, when she was terminated pursuant to Snyder's Company Policy, which provides that if an employee has not actively worked for a twelve-month period, then the employee is automatically terminated.

## ADMINISTRATIVE PROCEDURES

20. On January 10, 2008, Cutter filed a timely charge alleging sex, age, and disability discrimination with the Equal Employment Opportunity Commission ("EEOC") under charge number 470-2008-01168. A true and accurate copy of the charge is attached hereto as Exhibit A.

21. On April 3, 2009, Cutter amended her Charge to include the fact that Snyder's terminated her employment effective July 30, 2008. A true and accurate copy of the amended charge is attached hereto as Exhibit B.

22. The EEOC had jurisdiction over that charge for more than 180 days, and on June 30, 2011, it issued Cutter a Notice of Right to Sue which was received on July 5, 2011. A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit C.

23. Cutter has ninety (90) days from the receipt of the Notice of Right to Sue, up to and including, October 3, 2011 to file her Complaint, which time has not passed.

## COUNT I – SEX DISCRIMINATION

24. Cutter incorporates by this reference, as if fully set forth herein, paragraphs 1-23 of this Complaint.

25. During the course of her employment at Snyder's, Cutter was an "employee" of Snyder's within the meaning of Title VII, 42 U.S.C. § 2000e(f).

26. Snyder's is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

27. Throughout her employment at Snyder's, Cutter was the only female working in a corporate sales position of significance.

28. Throughout the course of her employment at Snyder's, Cutter was subjected to different standards than her male counterparts.

29. Snyder's engaged in unlawful sex discrimination in violation of Title VII when it subjected Cutter to differential treatment on account of her sex, including but not limited to, Nannarone's treatment of Cutter culminating in the events of July 16 and 17, 2007.

## COUNT II – WILLFUL AGE DISCRIMINATION

30. Cutter incorporates by this reference, as if fully set forth herein, paragraphs 1-23 of this Complaint.

31. During the course of her employment at Snyder's, Cutter was an "employee" of Snyder's within the meaning of the ADEA, 29 U.S.C. § 630(f).

32. Snyder's is an "employer" within the meaning of the ADEA, 29 U.S.C. § 630(b).

33. Throughout the course of her employment at Snyder's, Cutter was subjected to different standards than her significantly younger counterparts.

34. Snyder's engaged in unlawful discrimination in violation of the ADEA when it subjected Cutter to discriminatory treatment on account of her age.

35. Snyder's has willfully and intentionally engaged in discriminatory treatment of Cutter on the basis of age and has acted with malice or reckless disregard of Cutter's rights as an older employee, including but not limited to, Nannarone's treatment of Cutter culminating in the events of July 16 and 17, 2007.

## COUNT III – DISABILITY DISCRIMINATION

36. Cutter incorporates by this reference, as if fully set forth herein, paragraphs 1-23 of this Complaint.

37. Cutter has a serious medical condition in her feet and knees and is an individual with a disability under the ADA, 42 U.S.C. § 12102(1).

38. During the course of her employment at Snyder's, Cutter was an "employee" of Snyder's within the meaning of the ADA, 42 U.S.C. § 12111(4).

39. Snyder's is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5).

40. Snyder's engaged in discriminatory treatment of Cutter on the basis of disability when it attempted to force Cutter out of employment by insisting that she engage in extensive walking even though it was aware that her disability did not permit such activities and that extended walking could aggravate her disability and render her unable to work.

41. Snyder's engaged in discriminatory treatment of Cutter on the basis of disability when it created a situation that Cutter could not physically tolerate and told Cutter that her employment was terminated because of her lack of mobility.

42. Snyder's has engaged in discriminatory treatment of Cutter on the basis of disability and has acted with malice or reckless disregard of Cutter's rights as a disabled employee in violation of the ADA.

**WHEREFORE**, Plaintiff Peggy A. Cutter prays for the judgment of this Court against Snyder's-Lance, Inc., formerly known as Snyder's of Hanover, Inc. as follows:

A. An award of the value of the salary and other employment benefits and opportunities that the Plaintiff would have received if she had not been injured by the Defendant's sex, age, and

disability discrimination, less the amount that Plaintiff has received in long-term disability benefits.

B. An award of compensatory damages in an amount to be determined by a jury to make Plaintiff whole for the mental anguish, emotional distress, exacerbation of her disability, and other non-pecuniary damages that Plaintiff has suffered because of Defendant's unlawful conduct.

C. An award of punitive damages in an amount to be determined by a jury to punish Defendant for its unlawful conduct which was malicious or undertaken with reckless indifference to Plaintiff's rights and to deter others from similar conduct.

D. Liquidated damages in an amount equal to Plaintiff's lost earnings and benefits because Defendant's violation of the ADEA was willful.

E. An award of attorneys fees and costs.

F. Such other relief as may be just and proper.

Respectfully submitted,

MACEY SWANSON AND ALLMAN

_____
Barry A. Macey, Atty. No. 8964-49
Quincy E. Sauer, Atty. No. 27320-49
Attorneys for Plaintiff

MACEY SWANSON AND ALLMAN
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317) 637-2345
Facsimile: (317) 637-2369
Email: qsauer@maceylaw.com

## JURY DEMAND

Now comes the Plaintiff, by counsel, and demands that this cause be tried to a jury on all issues so triable.

Respectfully submitted,

MACEY SWANSON AND ALLMAN

_____
Barry A. Macey, Atty. No. 8964-49
Quincy E. Sauer, Atty. No. 27320-49
Attorneys for Plaintiff

**MACEY SWANSON AND ALLMAN**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317) 637-2345
Facsimile: (317) 637-2369
Email: qsauer@maceylaw.com