UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PEGGY A. CUTTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:11-cv-1314- SEB-DML |
| vs. ) | |
| ) | |
| SNYDER'S-LANCE, INC., ) | |
| ) | |
| Defendant. ) | |

### ENTRY GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS
(Docket No. 14)

Before the Court is Defendant's Partial Motion to Dismiss Plaintiff's Complaint, in which Defendant, pursuant to Rule 12(b)(6), seeks an order of dismissal of Counts I and II (claims for sex discrimination under Title VII and age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), respectively) for lack of any factual support in the Complaint.

Defendant relies on the now familiar holdings of the Supreme Court in the companion cases, Bell Atlantic Corp. V. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), which in substance require that a complaint "contain 'enough facts to state a claim that is plausible on its face'". Bissessur v. Ind. Univ. Bd. Of Trustees, 581 F.3d 599, 602 (7th Cir. 2009).

Defendant notes that the factual allegations in the Complaint before us relate, with one minor reference to the Plaintiff's age in Paragraph 3 and a recitation of the essential legal elements of a claim for sex and age discrimination, entirely to her disability claim. More particularly, there are no facts addressing her allegedly discriminatory treatment or detailing any facts relating to employees who received more favorable treatment than she received.

Plaintiff rejoins that if the Complaint is read in conjunction with the facts laid out in the EEOC administrative charge which preceded her filing of this action, there is sufficient notice to Defendant of the facts underlying her claims sufficient to show that recovery by her is plausible. However, a careful review of the administrative charge reveals that the facts alleged there, even if incorporated into the Complaint, do not make up for the deficiencies in the Complaint.

Our review of the Complaint along with the EEOC charge convinces us that the paucity of factual detail underlying both the sex and age discrimination claims as framed in Counts I and II renders those counts critically deficient. The fall critically short of putting the Defendant on

notice of the nature of the wrongs Plaintiff suffered in these respects and in fashioning any plausible entitlement to relief as to her age and sex discrimination claims.  By far, the majority of the facts alleged in the Complaint reference only to Plaintiff's disability claim, which is set out in Count III.  Stated otherwise, allegations such as "Cutter was the only female working in a corporate sales position of significance," and "Cutter was subjected to different standards than her male counterparts," and "Cutter was subjected to different standards than her significantly younger counterparts"  (¶¶ 27, 28 and 33 of the Complaint) simply don't get the job done, under Iqbal and Twombly.

Accordingly, the claims of sex and age discrimination in Counts I and II, respectively, are dismissed without prejudice.  Unless a timely amended pleading is filed in an effort to supply additional facts underlying those counts, the case shall go forward only on the disability discrimination claim in Count III.

IT IS SO ORDERED.

Date: 06/07/2012

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Quincy Erica Sauer
MACEY SWANSON & ALLMAN
qsauer@maceylaw.com

Kathleen A. Talty
KRUCHKO & FRIES
ktalty@kruchkoandfries.com

Heather L. Wilson
FROST BROWN TODD LLC
hwilson@fbtlaw.com